Mason v. Norcross.

dertaking that the land should bear as good or better grass than any land in New Jersey, is too vague and indefinite to support an action. A parol promise that such seed will grow on land, does not bind. 1 *Com. Dig.* 239. It has also been contended as at least doubtful whether any representation relative to real property, will sustain an action. *Harvey* v. *Young, Yelv.* 20; *Lev.* 102; *Cro. Jac.* 4; and that a warranty should be made at the time of sale. 1 *Com. Dig.* 238. The cases in *Godb.* 216; 1 *Roll.* 20; *T. Ray.* 400, impugn this idea.

We should regret very much to be obliged to say that no representation relating to real estate, however false and fraudulent, will support an action. The contrary has been held in Pennsylvania. (a) I think that for fraud, in the sale of either real or personal estate, an action lies.

On the whole, we see nothing on which we can grant either of these motions.

Motions denied.

(a) Perhaps his Honor referred to the case of *Dutricht* v. *Melchor*, 1 *Dall.* 428. See *Sherwood* v. *Salmon*, 2 *Day* 128.

NOTE.—Williamson had objected to the statement of the case, and wished it amended by the introduction of a circumstance which was not contained in the notes of the justices at Nisi Prius, but which Smith, J., recollected. It was done accordingly on the authority of 1 *Salk.* 47; 1 *Str.* 513; *Cro. Car.* 338.

[242]                 MASON v. NORCROSS.

Accounts with plaintiff as administrator cannot be joined with those in plaintiff's own right.

*Certiorari* to Justice Lippincott.

It appearing that the justice admitted Norcross, the plaintiff below, to exhibit an account against Mason, in his own right, and another as administrator—

PER CUR.    Reverse the judgment.